# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:07CV51-MU-02

CHESTER LAMBERT LILLEY, JR.   )
    Plaintiff,           )
                         )
     v.                )            <u>ORDER</u>
                         )
(FNU) (LNU), Female Doctor at )
  the Iredell County Jail;    )
CHANCE WILLIAMS, Deputy at the)
  Iredell County Jail;      )
(FNU) CHRISTAFOR, Physician's )
  Assistant at Central Prison;)
and                     )
(FNU) JONES, Doctor at the    )
  P.C.I. Salisbury Prison,   )
    Defendants.         )
_____)

**THIS MATTER** comes before the Court on initial review of plaintiff's form-Complaint under 42 U.S.C. §1983, filed May 23, 2007.  For the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u>.

The plaintiff's Complaint consists primarily of numerous unrelated, conclusory allegations by which he attempts to take aim at the quality of health care treatment which he allegedly has received from the above-listed defendants.  That is, the plaintiff alleges that on some occasion in December 2005, he: "was not given a medical screening . . .  [was] made to sleep on floor, with bad health problems, [was] denied medical care & meds. for 6 mos.[,] nurse fals[ified] info. in records."  The

plaintiff also alleges that an unidentified Deputy "threaten[ed]" him and destroyed his "legal papers" on some unspecified occasion, and that such person "then allow to charge [plaintiff]." In addition, the plaintiff alleges that he has a document "stating that they don't have to give [him] the care doctor's [sic] stated [he] need[s], and meds"; and that someone "allowed" his unspecified health problem "to go until it put [him] in wheelchair." Clearly such allegations are woefully insufficient to state a federal claim for relief.

Moreover, although the defendant does identify two of the defendants by name in his other allegations, such complaints still are insufficient to state a claim for relief. Indeed, the plaintiff alleges that defendant Christafor "only did something because of griv., but did thing that already been done, she knew would not help, had to file griv. to get the little I have . . . ." Last, with respect to defendant Jones, the plaintiff complains that he "refus[ed] to fill scripts till name & address".

By way of relief, the plaintiff has asked for unspecified damages from the defendants. However, notwithstanding his obvious beliefs to the contrary, the plaintiff clearly cannot proceed with the instant allegations.

To be sure, it has not escaped the Court's attention that defendants CHRISTAFOR and Jones–that is, the only two defendants

against whom the plaintiff actually has made any specific allegations, do not appear to be situated within the Western District of North Carolina.  Rather, according to the plaintiff's Complaint, defendant CHRISTAFOR is employed at Central Prison in Raleigh, North Carolina, and defendant Jones is employed at the N.C.D.O.C. facility in Salisbury, North Carolina.  Neither of those two facilities are located within the Western District of North Carolina.

Likewise, the plaintiff has not asserted that either defendant resides within the Western District of North Carolina. Moreover, the plaintiff has not claimed that any of these defendants' allegedly unconstitutional conduct took place within the Western District of North Carolina.  Furthermore, even assuming that any of the defendants' conduct was in violation of the plaintiff's rights, there is no allegation or other indication that they otherwise were connected to any of the allegedly unconstitutional conduct which took place at the Iredell County Jail.  Consequently, this Court simply is not the proper venue in which to address the plaintiff's otherwise deficient allegations against defendants Christafor and Jones.  See 28 U.S.C. §1404(a).

As to the plaintiff's other allegations, as was already noted, such matters simply are far too conclusory to survive this Court's initial review for frivolity.  Indeed, the law is clear that mere conclusory allegations are woefully insufficient to

state a constitutional claim for relief.  Consequently, an action
may be dismissed as "frivolous" if it lacks "an arguable basis
either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,
325 (1989); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992).

To put it another way, "the statute [28 U.S.C. §1915]
accords judges not only the authority to dismiss a claim based on
an indisputably meritless legal theory, but also the unusual
power to pierce the veil of the complaint's factual allegations
and dismiss those claims whose factual contentions are clearly
baseless."  Neitzke, 490 U.S. at 324-27.  Moreover, in determin-
ing whether a complaint is factually frivolous, a district court
is not required to "accept without question the truth of plain-
tiff's allegations," but rather is expected to apply common
sense, reject the fantastic, and take into account judicially
noticeable facts.  Denton, 504 U.S. 32-33.  Finally, to survive a
review for factual frivolousness, a plaintiff who has not paid
any filing fee, such as Mr. Lilley, cannot rely merely on
"conclusory allegations."  Cochran v. Morris, 73 F.3d 1310, 1317
(4th Cir. 1996).

Suffice it to say, therefore, based upon the above-cited
legal principles, the plaintiff's general allegations which are
not even specifically directed at defendant Williams or the
unnamed doctor at the Iredell County Jail, along with his claims
against defendants Christafor and Jones must be dismissed.

4

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Complaint is **DISMISSED** for his failure to state a claim for relief.  28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: June 13, 2007

Graham C. Mullen
United States District Judge